

PABLO A. FERNANDEZ
SENIOR COUNSEL
DIRECT TEL.: 516.355.9628
DIRECT FAX: 516.355.9660
PFERNANDEZ@RFRIEDMANLAW.COM

December 20, 2022

**VIA ECF**

Honorable James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re.:    ***Pruitte v. Inc. Village Hempstead, et al.***
             22-cv-3671 (JMA)(JMW)

Dear Judge Wicks:

The Russell Friedman Law Group, LLP represents the Plaintiff in the above referenced action.

I write to respectfully request leave to file an Amended Complaint in the above-referenced action. The parties have conferred and Defendants objects to the inclusion of the claims as pleaded. The proposed Amended Complaint ("AC") is attached hereto as Exhibit A. For ease, the claims Plaintiff seeks to add are red-lined.

Pursuant to Your Honor's Electronic Order, the deadline within which a party may move to join new parties or amend the pleadings is December 20, 2022.

The AC seeks to add claims under the New York State Adult Survivors Act. *Senate Bill S66A*. Specifically, the AC seeks to amend to add: (1) Negligence against the Village Defendants; (2) Negligence/Gross Negligent Hiring, Retention, Training and Supervision against Village Defendants; (3) *Respondeat Superior* against Village Defendants; (4) Assault against Defendant Guevrekian; (5) Battery against Defendant Guevrekian; and (6) False Arrest/False Imprisonment against Defendant Guevrekian.

Leave to amend a complaint, generally, should be freely granted. *See, e.g., Foman v. Davis,* 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2); *Anderson News, L.L.C. v. American Media, Inc.,* 680 F.3d 162, 185 (2d Cir. 2012). Leave to amend may properly be denied if the amendment would be futile, *see, e.g., Foman,* 371 U.S. at 182, as when the proposed new pleading fails to state a claim on which relief can be granted. *Absolute Activist Master Value Fund Ltd. v. Ficeto*, 677 F.3d 60, 71 (2d Cir. 2012).



December 20, 2022

Page 2

NY CPLR 214-j provides as follows:

> Notwithstanding any provision of law which imposes a period of limitation to the contrary and the provisions of any other law pertaining to the filing of a notice of claim or a notice of intention to file a claim as a condition precedent to commencement of an action or special proceeding, every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against such person who was eighteen years of age or older, or incest as defined in section 255.26 or 255.27 of the penal law committed against such person who was eighteen years of age or older, which is barred as of the effective date of this section because the applicable period of limitation has expired, and/or the plaintiff previously failed to file a notice of claim or a notice of intention to file a claim, is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than one year and six months after the effective date of this section. In any such claim or action, dismissal of a previous action, ordered before the effective date of this section, on grounds that such previous action was time barred, and/or for failure of a party to file a notice of claim or a notice of intention to file a claim, shall not be grounds for dismissal of a revival action pursuant to this section.

NY CPLR 214-j accomplishes for adult survivors of sexual assault what NY CPLR 214-g accomplished for plaintiffs who were children (under 18) when they were sexually abused. The "Adult Survivors Act," NY CPLR 214-j revives claims for sexual assault for a one-year period. The one-year period begins running November 14, 2022. The Adult Survivors Act creates a one-time, one-year look back window for adult sexual assault survivors who are outside the statute of limitations. It permits any individual who was the victim of a sexual offense, as defined by NY Penal Law §130.

Here, the Court may exercise supplemental jurisdiction over the state claims. 28 U.S.C. §1367 and has jurisdiction to hear the newly asserted claims.

Plaintiff seek to add claims under the newly enacted New York State Adult Survivors Act. Pursuant to this newly enacted state legislation individuals who were the victim of a sexual offense that occurred when they were 18 or over, which is time barred, may now file a claim between November 24, 2022, and November 24, 2023. *Senate Bill S66A.*



December 20, 2022

Page 3

Plaintiff, at the time of the alleged incident, was over the age of 18 and she was the victim of a sexual assault as perpetrated by Defendants.

Therefore, it is respectfully requested that Plaintiffs' time to move to amend the pleadings be briefly extended for one week.

Thanking the Court for its time and consideration, I remain

                        Respectfully,
                        THE RUSSELL FRIEDMAN LAW GROUP, LLP

                        */S Pablo A. Fernandez*
                        Pablo A. Fernandez

cc:    All Parties (*Via ECF Only*)