**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

June 28, 2023

THE OMNI
333 EARLE OVINGTON BLVD, SUITE 901
UNIONDALE, NEW YORK 11553
516.880.8484

**WILLIAM J. GARRY**
MEMBER
DIRECT:   516.880.8490
FAX:       516.880.8483
WGARRY@HARRISBEACH.COM

**VIA NYSCEF**

Hon. James M. Wicks
U.S. Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 1120l

      Re:   ***McGuire v. Inc. Village Hempstead, et al.*** – Case No. 20-cv-02117 (JMA)(JMW)
             ***Pruitte v. Inc. Village of Hempstead, et al.***  – Case No. 22-cv-03671 (JMA)(JMW)

Dear Judge Wicks:

Our office represents the Defendants, Village of Hempstead, Village of Hempstead Police Department and Village of Hempstead Police Chief Paul Johnson (the "Village Defendants"), we submit this letter in response to Plaintiff's opposition to the Village Defendants' letter motion to compel discovery.

First, Plaintiff's opposition is unexpected and unusual. As the Court may recall, the Village Defendants filed the letter motion to compel as a result of Plaintiff's counsel's request that the Court issue an order compelling their clients to address the discovery issues raised by the Village Defendants. As such, the Village Defendants filed the instant letter motion with the expectation that it would be unopposed. This expectation was strengthened when, upon Plaintiff's counsel's request to extend the deadline to oppose the letter motion, Plaintiff's counsel explained that the reason it was seeking such an extension is so that the letter motion would be pending when the motion to withdraw as counsel in the Wilkie and Fisher matters was filed, not so that Plaintiff's counsel could actually file a substantive opposition to the motion.

Second, focusing on the *McGuire* and *Pruitte* actions, Plaintiff's opposition is substantively without merit. In *McGuire*, the Village Defendants drafted the narrowly-tailored Second Set of Requests for Production based upon the documents received via subpoena from the Nassau County District Attorney's office ("NCDA"). In response, Ms. McGuire does not produce a single document. This response is particularly troubling because there is an evidentiary basis to doubt Ms. McGuire's assertions that she does not have responsive documents. For instance, request no. 6 seeks records referenced by Ms. McGuire in an April 4, 2020 text message she sent to the NCDA, stating that Ms. McGuire "ha[s] so much evidence of Jack and his prostitute. Tapes. Phone Records. . . . I have her on tape."[1] Moreover, Ms. McGuire's assertion that she no longer has the referenced records because she allegedly turned over her cellphone to the NCDA is contradicted by the fact that (1) the referenced records are not her own text messages/call records and (2) the NCDA's closing memo, ending the investigation into Jack Guevrekian, is dated November 19, 2019, months before the text message referenced above was sent to the investigators. Based upon the foregoing, the Village Defendants believe that Ms. McGuire either (1)

---

[1] This text message and NCDA cover email are attached as **Exhibit A**.

311608\4860-6930-5709\.v1

Hon. James M. Wicks, U.S. Magistrate Judge
June 28, 2023
Page 2



failed to perform the required diligent search for records or (2) failed to preserve records obtained after the Notice of Claim was served on the Village Defendants in connection with this matter.

Despite numerous requests, Ms. McGuire has also failed to provide an updated HIPAA authorization to the Village Defendants to allow them to obtain records from her medical providers.

Ms. Pruitte's responses and opposition are also deficient. Although Ms. Pruitte appears to have now served a verification page for her interrogatories, before Plaintiff's filing that record had not been provided to the Village Defendants and was not actually attached to the email Plaintiff submitted with its opposition. The interrogatory responses are deficient for all of the reasons stated in the March 3, 2023 letter attached to our letter motion. In particular, for the majority of the responses, in lieu of providing a written response, Ms. Pruitte merely refers to the NCDA's entire production, the unverified pleadings, and the Village Defendants' entire document production as her response. This response does not satisfy Fed. R. Civ. P. 33(d)'s requirement that the responding party "specify[s] the records . . . in sufficient detail . . . ." Although these responses are virtually verbatim of the responses of the other Plaintiffs, in Ms. Pruitte's case it is particularly problematic and prejudicial because she has failed to even identify the year when an alleged incident took place (*see, e.g.*, Pruitte Compl. ¶¶ 20-23 [alleging conduct occurring at some point during the fourteen-year period from 2006 to 2019]).

Ms. Pruitte's responses to the Village Defendants' document demands are even more deficient and do not include a single document, despite requests for communications between Ms. Pruitte and the Plaintiffs in the other cases consolidated for discovery and other individuals referenced in the pleadings, communications with Defendant Guevrekian, documents concerning Ms. Pruitte's arrests, and documents concerning Ms. Pruitte's alleged damages, including medical records. It strains credulity that not a single responsive document exists.

Although the Village Defendants acknowledge that Ms. Pruitte did provide HIPAA authorizations, Ms. Pruitte has completely ignored the Village Defendants' request that she sign the release form pursuant to 42 C.F.R. Pts. 160 & 164 to allow them to obtain Ms. Pruitte's substance abuse treatment records.

Based upon the foregoing, the Village Defendants request that the Court require Ms. McGuire and Ms. Pruitte submit an affidavit describing the steps taken to search for documents responsive to the Village Defendants' discovery demands. If cell phone or other records are no longer available, they should be required to state the date and circumstances by which that occurred. Ms. Pruitte should also be required to serve amended interrogatory responses addressing the issues raised in the Village Defendants' March 3, 2023 letter. Finally, both Ms. McGuire and Ms. Pruitte should be required to provide original signed copies of the requested HIPAA authorizations and/or 42 C.F.R. release, as applicable.

Hon. James M. Wicks, U.S. Magistrate Judge
June 28, 2023
Page 3

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

Respectfully submitted,

HARRIS BEACH PLLC

By: William J. Garry, Esq.

WJG:drl
Encls.

cc: Counsel of Record *(via NYSCEF)*

311608\4860-6930-5709\.v1