# LA PINTA, LESKO & MISKIEWICZ P.C.
### - ATTORNEYS AT LAW -

| | |
|---|---|
| 200 VANDERBILT MOTOR PARKWAY<br>SUITE C-17<br>HAUPPAUGE, NEW YORK 11788 | 300 OLD COUNTRY ROAD<br>SUITE 341<br>MINEOLA, NEW YORK 11501<br>(Correspondence to Hauppauge Office) |

ANTHONY M. LA PINTA
MARK J. LESKO
JAMES MISKIEWICZ

TEL: 631-231-1199
FAX: 631-300-4380

OF COUNSEL

PETER H. MAYER, III, PLLC.
Justice, NYS Supreme Court (Ret.)

MICHAEL E. FEHRINGER

**BY ECF**

MARK D. COHEN
Judge, NYS Court of Claims (Ret.)

CHRISTOPHER J. PURCELL, P.C.

September 22, 2025

The Honorable James M. Wicks
United States District Court, EDNY
Alphonse M. D'Amato Federal Building
100 Federal Plaza
Central Islip, New York 11722

Re:  **Carol McGuire v. Village of Hempstead, et al.**
Case No.: 20-CV-02117 (JMW)

Re:  **Regina Pruitte v. Village of Hempstead, et al.**
Case No.: 22-CV-03671 (JMW)

Dear Magistrate Judge Wicks:

I represent Defendant Jack Guevrekian ("Guevrekian") in the above matters. In accordance with the Court's August 11, 2025 Order (ECF No. 101 [McGuire]; ECF No. 59 [Pruitte]), kindly accept this letter motion *in limine*.

### Legal Standard

A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*. *See Luce v. United States,* 469 U.S. 38, 41 (1984). Indeed, "[t]he purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks omitted); *see Jean-Laurent v. Hennessy,* 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) ("The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence").

FRE 402 provides that "[a]ll relevant evidence is admissible, except as otherwise provided by . . . Act of Congress, [or] by these rules. Evidence which is not relevant is not admissible."

According to FRE 401, "[e]vidence is relevant if 'it has any tendency to make a fact more or less probable than it would be without the evidence…and the fact is of consequence in determining the action." *See United States v. Mundle*, 2016 U.S. Dist. LEXIS 34736, at *2-3.

Pursuant to FRE 403, however, even relevant evidence may be excluded by the Court if "its probative value is substantially outweighed by the danger of unfair prejudice." Evidence is prejudicial under Rule 403 if it "involves some adverse effect beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Gelzer,* 50 F.3d 1133, 1139 (2d Cir. 1995). Thus, relevant evidence will be excluded by the Court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See United States v. Mundle*, 2016 U.S. Dist. LEXIS 34736, at *2-3.

### **Plaintiffs Should be Precluded From Offering Certain Documents Identified by Plaintiffs in the Joint Pretrial Order Into Evidence**

Plaintiffs should be precluded from referring to, or offering into evidence, the following items listed by Plaintiffs in the parties' Joint Pretrial Order ("JPTO") (ECF No. 100 [McGuire]; ECF No. 58 [Pruitte]):

- Nassau County Crime Stoppers Complaint. Bates HPD000023 (#19 of Plaintiffs' proposed exhibits), attached hereto as **Exhibit A**;

- Institute for Rational Counseling. Bates HPD000021 (#21 of Plaintiffs' proposed exhibits), attached hereto as **Exhibit B**;

- Nassau County District Attorney's Investigative Notes (#23 of Plaintiffs' proposed exhibits), attached hereto as **Exhibit C**; and

- Defendant Guevrekian CCRB Officer History (#28 of Plaintiffs' proposed exhibits), attached hereto as **Exhibit D**.

Guevrekian expressly incorporates and asserts by reference each and every argument advanced by his co-defendants, Village of Hempstead, Village of Hempstead Police Department, and Village of Hempstead Police Department Chief Paul Johnson ("Village Defendants"), in their motion in limine with respect to the above referenced documents (ECF No. 106 [McGuire]; ECF No. 64 [Pruitte]).

Each of these items constitute classic hearsay (even multiple levels)—out-of-court statements that Plaintiffs seek to use to prove the truth of the matter asserted therein—and/or or are subject to exclusion under FRE 403. For the reasons set forth in the Village Defendants' motion in limine, these proposed exhibits are inadmissible and should be excluded from evidence at the trial in these actions.

### Plaintiffs Should be Precluded From Calling Certain Witnesses Identified by Plaintiffs in the Joint Pretrial Order From Testifying at Trial

Plaintiffs should be precluded from calling the following individuals listed by Plaintiffs in the parties' JPTO:

- Michael Nolan (#10 of Plaintiffs' proposed fact witnesses);

- Robert A. McHugh (#11 of Plaintiffs' proposed fact witnesses);

- Crissana Loraine Goldfarb (#12 of Plaintiffs' proposed fact witnesses);

- Victoria Birnbaum (#13 of Plaintiffs' proposed fact witnesses);

- Daniel J. Schmidt, Special Agent FBI (#14 of Plaintiffs' proposed fact witnesses); and

- Samantha Alessi, USANYE (#15 of Plaintiffs' proposed fact witnesses).

Rule 26(a) requires parties to provide: without awaiting a discovery request…the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. Fed. R. Civ. P. 26(a)(1)(A).

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

The aforementioned witnesses were not identified in Plaintiffs' Initial Rule 26 disclosures and Plaintiffs have not supplemented their Rule 26 disclosures. These witnesses have not been deposed by the parties. They were first formally identified by Plaintiffs on the eve of trial in the parties JPTO. Moreover, with respect to the government witnesses, Plaintiffs failed to file and serve a motion seeking to designate such witnesses on or before September 12, 2025 in accordance with the Court's August 11, 2025 Order. Therefore, Plaintiffs should not be permitted to call these witnesses at trial.

### Plaintiffs Should be Precluded From Testifying or Introducing Evidence of Prior or Subsequent Allegations of Misconduct or Disciplinary History for Guevrekian

Police officers are tasked with the difficult job of serving and protecting the people. Often, the actions of these police officers are subject to 20/20 hindsight and routinely face malicious retaliatory claims concerning their interactions with the public. Permitting Plaintiffs to offer any evidence of prior complaints that are unrelated to the instant matter would only serve to prejudice Guevrekian and ultimately deter him from being able to present an effective defense.

In the parties' JPTO, the Plaintiffs seek to introduce Guevrekian's Civilian Complaint Review Board ("CCRB") Officer History (#28 of Plaintiffs' proposed exhibits) from when he served as a Police Officer for the New York Police Department. These records contain allegations of misconduct against Guevrekian from a completely unrelated incident. Plaintiffs should be precluded from introducing and/or referencing any prior or subsequent allegations of misconduct. Unrelated incidents introduced at trial here are irrelevant, improper, and unduly prejudicial to Guevrekian in this case.

It is well settled that any evidence of prior acts is only admissible at trial if the prior acts are sufficiently similar to the claims in the case at bar. *See United States v. Perez*, 325 F.3d 115, 129 (2d Cir. 2003) (quoting 22 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5245 (1978)) ("Similarity, being a matter of relevancy, is judged by the degree in which the prior act approaches near identity with the elements of the offense charged."); *Ricketts v. City of Hartford*, 74 F.3d 1397, 1414 (2d Cir. 1996) (noting an abuse of discretion if evidence of unrelated allegations of misconduct were admitted at trial if the prior act was not sufficiently similar). Assuming that a prior act is of a sufficiently similar nature, it is not automatically admissible, and the courts will still adopt a two-part analysis to determine admissibility: first, whether the proposed evidence fits within one of the exceptions provided by the rules of evidence, and, second, whether the probative value is substantially outweighed by the potential for jury confusion or prejudice under Rule 403. *See Lombardo v. Stone*, No. 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267, at *8 (S.D.N.Y. Jan. 29, 2002); *see also Huddleston v. United States*, 485 U.S. 681, 688 (1988) (holding that any decision to admit evidence under Rule 404(b) depends on "whether the danger of unfair prejudice [substantially] outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403").

Prior acts or allegations of misconduct against individual police officers are generally not admissible in civil lawsuits. *See Berkovich v. Hicks*, 922 F.2d 1018 (2d Cir. 1991) (affirming exclusion of all references to police officers' history of prior civilian complaints under FRE 403 and 404(b)); *see also Lombardo v. Stone*, No. 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267, at *9 (S.D.N.Y. Jan. 29, 2002) (noting that disciplinary records are inadmissible); *Shaw v. City of New York, et al.*, No. 95 Civ. 9325 (AJP), 1997 U.S. Dist. LEXIS 4901, at *17-18 (S.D.N.Y. Apr. 15, 1997) (holding that pursuant to FRE 404(b), an IAB report was not admissible as it did not show motive or opportunity).

Here, any attempt by Plaintiffs to introduce Guevrekian's prior history (or subsequent allegations), would only punish Guevrekian for acts not related to the instant matter. The risk of confusion and the misleading of jurors would come into play with the introduction of such evidence, directly contradicting FRE 403. Allowing this type of evidence to be published to the jury will cause a juror to punish Guevrekian for *alleged* unrelated acts, rather than addressing the merits of the allegations in this matter. Moreover, jurors may mistakenly infer a constitutional violation by Guevrekian based upon an unrelated complaint or allegation filed against him. *See Thomas v. City of New York,* No. 09 Civ. 3162 (CM) at *4 (S.D.N.Y. Sep. 21, 2011 Order: Docket No. 83) (reasoning that the existence of a CCRB complaint against an individual officer does not imply that a defendant actually committed a constitutional violation). This type of improper

4

inference must be avoided at all costs to ensure a fair and impartial trial.

Allowing evidence and/or testimony of unrelated complaints will also confuse and unnecessarily delay the litigation of this trial, as Guevrekian will be required to explain the facts and circumstances of any unrelated incidents. The facts and circumstances of unrelated incidents will only distract the jury and serves no legitimate purpose as to whether the constitutional rights of the Plaintiffs in this case were violated.

### **Plaintiffs Should be Precluded From Referencing Other Related Matters That Have Been Dismissed or Introducing into Evidence any Documents in Connection with Those Actions**

Plaintiffs should be precluded from referencing the following matters at trial or introducing into evidence any documents in connection with those actions:

*Jenillee Tooher v. Village of Hempstead, et al.*, 21-cv-04268 (NJC)(JMW) – this action was dismissed by the Court on January 5, 2024 pursuant to Fed. R. Civ. Pro. 25(a)(1) due to the death of the plaintiff.

*Kristen Wilkie v. Village of Hempstead, et al.*, 22-cv-00920 (NJC)(JMW) – this action was dismissed by the Court on December 11, 2023 pursuant to Fed. R. Civ. Pro. 41(b) due to plaintiff's failure to prosecute.

*Jayne Fisher v. Village of Hempstead, et al.*, 22-cv-03805 (NJC)(JMW) – this action was dismissed by the Court on March 26, 2024 pursuant to Fed. R. Civ. Pro. 41(b) due to plaintiff's failure to prosecute.

Plaintiffs should be precluded from referring to, or offering into evidence, the following items listed by Plaintiffs in the parties' JPTO that relate to the aforementioned lawsuits:

- Defendant Guevrekian's Response to Interrogatories in Jayne Fisher matter 22-cv-3805 (#25 of Plaintiffs' proposed exhibits), attached hereto as **Exhibit E**;

- Defendant Guevrekian's Response to Interrogatories in Jennilee Tooher matter 21-cv-4268 (#26 of Plaintiffs' proposed exhibits), attached hereto as **Exhibit F**; and

- Defendant Guevrekian's Response to Interrogatories in Kristen Wilkie matter 22-cv-920 (#27 of Plaintiffs' proposed exhibits), attached hereto as **Exhibit G**.

The above referenced lawsuits involve different plaintiffs, but the same defendants as the instant actions. FRE 402 specifically prohibits the introduction of irrelevant evidence, and FRE 403 will preclude any relevant evidence if its probative value is substantially outweighed by the prejudicial effect. Plaintiffs should not be permitted to reference the aforementioned lawsuits at the time of trial or introduce into evidence any documents in connection with those matters because those actions were dismissed. Moreover, the probative value of relevant evidence, if any,

is substantially outweighed by prejudicial effect.

### Plaintiffs Should be Precluded From Requesting a Specific Dollar Amount From the Jury

While Defendant recognizes that the Second Circuit has not mandated an absolute prohibition on suggesting a specific dollar amount, it does generally disapprove of the practice of specifying target amounts for the jury to award. *Consorti v. Armstrong World Industries*, Inc., 72 F.3d 1003, 1006 (2d Cir. 1995) ("A jury is likely to infer that counsel's choice of a particular number is backed by some authority or legal precedent. Specific proposals have a real potential to sway the jury unduly . . . We encourage trial judges to bar such recommendations."); *see Mileski v. Long Island R.R. Co.*, 499 F.2d 1169, 1172 (2d Cir. 1974) ("A jury with little to no experience in such matters, rather than rely upon its own estimates and reasoning, may give undue weight to the figures advanced by plaintiff's counsel…"); *Phillips v. City of New York*, 871 F. Supp.2d 200, 208 (E.D.N.Y. 2012) (granting defendant's motion to preclude plaintiff from suggesting a specific dollar amount to the jury).

Therefore, the Plaintiffs should be precluded from suggesting a specific dollar amount to the jury during any portion of the trial.

### The Court Should Limit Plaintiffs' Recovery, if Any, to Garden-Variety Emotional Distress Damages

To the extent that Plaintiffs will claim that they sustained emotional or mental distress, the Court should limit any recovery to garden-variety emotional distress damages.

"Emotional distress awards within the Second Circuit can generally be grouped into three categories of claims: garden-variety, significant, and egregious." *Vera v. Alstom Power, Inc.*, 189 F. Supp. 3d 360, 376 (D. Conn. 2016) (quoting *Graham v. City of New York*, 128 F. Supp. 3d 681, 714 (E.D.N.Y. 2015)), *appeal dismissed* (Aug. 16, 2016). "In garden variety emotional distress claims, the evidence of mental suffering is generally limited to the testimony of the plaintiff, who describes his or her injury in vague or conclusory terms, without relating either the severity or consequences of the injury." *Id.* (quoting *Olsen v. County of Nassau*, 615 F. Supp. 2d 35, 46 (E.D.N.Y. 2009)). "Such claims typically lack extraordinary circumstances and are not supported by any medical corroboration." *Id.* (quoting *Olsen*, 615 F. Supp. 2d at 46).

By comparison, "'significant' emotional distress claims 'are based on more substantial harm or more offensive conduct, are sometimes supported by medical testimony and evidence, evidence of treatment by a healthcare professional and/or medication, and testimony from other, corroborating witnesses.'" *Id.* (quoting *Olsen*, 615 F. Supp. 2d at 46-47). "'Egregious' emotional distress claims generally involve 'either outrageous or shocking discriminatory conduct or a significant impact on the physical health of the plaintiff.'" *Id.* (quoting *Olsen*, 615 F. Supp. 2d at 47).

Here, the only type of emotional distress damages available to Plaintiffs are those within the "garden-variety" category. To the extent that Plaintiffs' evidence of mental suffering is limited

6

to solely their own testimony, without corroborating testimony, medical or otherwise, Plaintiffs will only be able to prove "garden-variety" emotional distress. *See Vera*, 189 F. Supp. 3d at 377 (finding that the plaintiff proved only garden variety emotional distress when "the evidence was limited to her own testimony, describing her emotional distress in general and conclusory terms, offering no proof of permanent injury or physical impact, and without corroborating testimony, medical or otherwise"); *Johnson v. Strive E. Harlem Emp't Grp.*, 990 F.Supp.2d 435, 456-57 (S.D.N.Y. 2014) (concluding that plaintiff only established "garden variety" emotional distress "at best" when she relied on her own testimony regarding her emotional reaction to racial epithets and sexual harassment at work with no corroborating testimony or evidence).

### Withdrawal of Evidence and Witnesses Identified by Guevrekian in the Parties' JPTO

Guevrekian hereby withdraws the following witnesses identified by him in the parties JPTO:

- Robert McHugh – Detective Investigator, Nassau County District Attorney's Office (#8 of Guevrekian's proposed witnesses);

- Edward Maley – Detective Investigator, Nassau County District Attorney's Office (#9 of Guevrekian's proposed witnesses); and

- Sarah Nadeau-Balducci – Former Nassau County Assistant District Attorney (#10 of Guevrekian's proposed witnesses).[1]

In addition, Guevrekian hereby withdraws the following evidence identified by him in the parties JPTO:

- June 6, 2019 Interview Memorandum of Carol McGuire prepared by Investigator Robert A. McHugh of the Office of the District Attorney of Nassau County (Exhibit A of Guevrekian's proposed exhibits);

- May 26, 2020 Interview Memorandum of Regina Pruitte prepared by Investigator Robert A McHugh of the Office of the District Attorney of Nassau County (Exhibit B of Guevrekian's proposed exhibits); and

- November 21, 2019 Memorandum of the Office of the District Attorney of Nassau County titled "PC 19-55 – HPD Sex Assault Investigation" from Sarah Nadeau-Balducci, Assistant District Attorney, to Christine Maloney, Bureau Chief, and Rob Cavalla, Deputy Bureau Chief (Exhibit C of Guevrekian's proposed exhibits).[2]

---

[1] When these law enforcement witnesses were first disclosed by the Village Defendants in the JPTO, Guevrekian also listed them in the JPTO to preserve his rights to further investigate the relevance of these proposed witnesses. Guevrekian now seeks to remove them as witnesses.

[2] When these proposed exhibits were disclosed by the Village Defendants in the JPTO, Guevrekian also listed them in the JPTO to preserve his rights to further investigate the relevance of these documents. Guevrekian now seeks to remove them as exhibits.

For the reasons set forth herein, it is respectfully submitted that the Court grant Guevrekian's motion *in limine*, exclude the exhibits and witnesses identified therein, and grant such other and further relief as the Court deems just and proper.

Very truly yours,

**ANTHONY M. LA PINTA**

AML/mef

cc:   All Parties (By ECF)