# EXHIBIT F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JENNILEE TOOHER,

                        Plaintiff,

-against-

VILLAGE OF HEMPSTEAD, VILLAGE OF HEMPSTEADPOLICE DEPARTMENT, VILLAGE OF HEMPSTEAD POLICE CHIEF PAUL JOHNSON, VILLAGE OF HEMPSTEAD POLICE OFFICER JACK GUEVREKIAN, VILLAGE OF HEMPSTEAD POLICE OFFICER JOHN DOES #1-5, individually,

                        Defendants.

**DEFENDANT GUEVREKIAN RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

21CV4268 (AMD)(JMW)

## INTERROGATORIES TO DEFENDANT GUEVREKIAN

### General Objections

Defendant Guevrekian has endeavored, at this stage of litigation, to respond to plaintiff's requests on the basis of the best data and information available. Material or documentation subsequently obtained by defendant either from plaintiff or other sources through further investigation or future utilization of discovery procedures will result in supplemental interrogatory responses if: (a) such documentation/material is relevant to the substance of plaintiffs' requests and to defendants' responses thereto; and (b) production is required pursuant to the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure adopted by the United States District Court of the Eastern District of New York.

Defendant objects to the First Set of Interrogatories to the extent that it requests information that: (a) contains attorney's work product; (b) is protected from disclosure by the attorney-client privilege; (c) is considered confidential or is otherwise protected: or (d) represents matters of public record or is involving or relating to the subject matter of any request herein to which defendant has responded or objected; and

Defendant also objects to the First Set of Interrogatories to the extent that it requests information

that calls for conclusions or opinions based on legal analysis.

Finally, the responses set forth herein are made without waiving the following:

1. The right to object on the grounds of competency, privilege, relevancy, materiality, or any other proper ground, to the use of any material produced herein, in whole or in part, for any purpose in any subsequent proceeding in this action or any other action.

2. The right to object to any and all proper grounds at any time, to other requests or other discovery procedures involving or relating to the subject matter of any request herein to which defendant has responded or objected; and

3. The right to revise, correct, modify, supplement or clarify at any time any of the responses provided herein.

4. All of defendant's responses are made subject to the above comments, qualifications and objections.

5. The defendant's investigation of this matter is ongoing. Therefore, the items responsive to the First Set of Interrogatories to the extent that it requests information that is subsequently obtained by defendant either from plaintiff or other sources through further investigation or future utilization of discovery procedures will result in supplemental interrogatory responses.

---

### INTERROGATORIES AS TO DEFENDANT GUEVREKIAN

1. Identify all communications and/or correspondence of Defendant PO Guevrekian surrounding any interaction relating to the allegations in the Complaint, including but not limited to text messages, e-mails, social media posts and/or phone calls.

**RESPONSE: Defendant objects in that the request is vague, overbroad, calls for privileged**

**information and is not reasonably calculated to lead to relevant information. Furthermore, Defendant Guevrekian is not in possession of any relevant documents to assist in these responses.**

2. Identify all communications and/or correspondence surrounding any interaction relating to the allegations in the Complaint, including but not limited to text messages, e-mails, social media posts and/or phone calls between Defendant and Defendant PO Guevrekian's co- workers, friends and/or family members relating to the allegations in the Complaint.

**RESPONSE: See response to request number 1.**

3. State whether Defendant PO Guevrekian has been in the past or is currently being: prosecuted, investigated, accused, charged through any charging instrument (such as any complaint, indictment or information), tried, a party to a criminal proceeding, arrested or convicted in connection with a misdemeanor or a felony under state or federal law; and if so, identify:

   i. the state or federal authorities involved;

   ii. the crime(s) for which you were accused;

   iii. the caption, if any, or the proceeding involved;

   iv. the date of the charging instrument, if any;

   v. the date of your arrest, if any;

   vi. the date of your conviction, if any; and

   vii.  the facts and circumstances relating to this matter

**RESPONSE: Defendant Guevrekian has not been charged or prosecuted with any crime and has no independent information in connection to the request and is not in possession of any relevant**

**documents to assist in these responses.**

4. Excluding the present action, identify any lawsuit in which Defendant PO Guevrekian is or was a named party, by caption name, court and year of filing and the disposition of such action.

**RESPONSE: Defendant Guevrekian was previously named in civil lawsuits related to his employment as a police officer. 14-cv-02853-ADS-GRB Lee v. Incorporated Village of Hempstead. Defendant Guevrekian will supplement his responses in accordance with the Fed. R. Civ. P. 26, local rules, and Orders of the Eastern District of New York.**

5. State whether Defendant PO Guevrekian has been in the past or is currently the subject of any disciplinary action by Defendant Hempstead Police Department and/or New York City Police Department, and if so, identify:

    i. the date of the incident;

    ii. the charge and/or violation involved;

    iii. the facts and circumstances relating to this matter; and

    iv. the outcome of the matter.

**RESPONSE: Defendant Guevrekian was previously disciplined related to his employment as a police officer and will supplement his responses in accordance with the Fed. R. Civ. P. 26, local rules, and Orders of the Eastern District of New York.**

6. Set forth the carrier information and cell phone number for Defendant Guevrekian's personal cell during the relevant time periods set forth within the Complaint.

**RESPONSE**: Defendant Guevrekian's cell phone number is 631-697-5140.

      7. Identify all witnesses that Defendant Guevrekian intends to call at trial.

**RESPONSE**: This request is premature. Defendant Guevrekian does not currently know who will be called as witnesses in this action. Defendant Guevrekian will supplement his responses in accordance with the Fed. R. Civ. P. 26, local rules, and Orders of the Eastern District of New York.

Dated: Hauppauge, New York
       July 5, 2022

                                      Respectfully submitted,

                                      *Kyle Wood, Esq.*
                                      **REYNOLDS, CARONIA, GIANELLI**
                                      **& LA PINTA, P.C.**
                                      By: Kyle Wood, Esq.
                                      Attorneys for Defendant Guevrekian
                                      200 Motor Parkway, Suite C-17
                                      Hauppauge, New York 11788
                                      (631) 231-1199

TO:

THE RUSSELL FRIEDMAN LAW GROUP
*Attorneys for Plaintiff*
400 Garden City Plaza,
Suite 500
Garden City, New York 11530
(516) 355-9696


HARRIS BEACH PLLC
*Attorneys for Village Defendants*
333 Earle Ovington Blvd.
Suite 901
Uniondale, New York 11553
(516) 880-8484