

400 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: 516.355.9696
Direct Dial: 516.355.9628
Direct Fax: 516.355.9660
paf@hornwright.com

**Pablo A. Fernandez, Esq.**
Partner

October 2, 2025

**VIA ECF ONLY**
Honorable James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

        Re.:    *McGuire v. Inc. Village of Hempstead*
                  2:20-cv-02117 (JMW)
                  *Pruitte v. Inc. Village of Hempstead*
                  2:22-cv-03671 (JMW)

Dear Judge Wicks:

Horn Wright, LLP represents Plaintiffs Carol McGuire and Regina Pruitte in connection with the above-referenced matters. This letter is written in opposition to Defendant Village of Hempstead, Village of Hempstead Police Department, and Village of Hempstead Police Department Chief Paul John's (collectively, referred to as "Village Defendants") motion *in limine* [DE 106].

        I.        PL-19 IS ADMISSIBLE

Rule 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Thus, Rule 404(b) "prohibits the introduction of character evidence to show that an individual has a certain predisposition, and acted consistently with such predisposition during the event in question." *Starmel v. Tompkin*, 634 F. Supp. 3d 41, 46 (N.D.N.Y. 2022) (citation omitted). However, such evidence may be admissible if offered for a different purpose "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," subject to a Rule 403 analysis. Fed. R. Evid. 404(b)(2).

To prove a claim of negligent hiring, supervision or retention under New York law, a plaintiff must offer evidence that the defendant " 'knew or should have known of the employee's propensity for the conduct which caused the injury.' ' (*Kenneth R. v. Roman Catholic Diocese of Brooklyn,* 229 A.D.2d 159, 165, 654 N.Y.S.2d 791 (2d Dep't 1997). Notice of an employee's propensity to engage in injurious conduct is highly relevant to a claim for negligent supervision or retention. *See Brannon v. Tarlov,* 986 F.Supp. 146, 150 (E.D.N.Y.1997) ("An essential element of a negligent retention claim is that the employer knew or should have known of the employee's propensity for the conduct that caused the injury").

In the instant matter, evidence that the Village Defendants had actual or constructive notice of Defendant Guevrekian's alleged propensity to sexually assault is relevant to this claim. (*Id.* at 25, 654 N.Y.S.2d 791.) Certainly, then, prior complaints made informing Village Defendants that Defendant Guevrekian was engaging in such conduct are highly probative and relevant in this matter.

Although the exhibit contains out-of-court statements, it does not constitute hearsay because it is not being offered to prove the truth of the matters asserted therein. Rather, Plaintiffs seek to admit or refer to the exhibit for the fact that is was sent and received and for the effect it had on the recipients *i.e.* Village Defendants. *See Datskow v. Teledyne Continental Motors Aircraft Prods.,* 826 F.Supp. 677, 684-85 (W.D.N.Y.1993) (admitting letters "for the limited purpose of showing notice [and] knowledge on behalf of [the defendant]" and explaining that the letters were not hearsay because they were not offered to show the truth of their contents).

As explained above, the complaint falls within a well-recognized exception to the hearsay rule. *See, e.g., Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 123 (2d Cir.1991) ("[T]he reports cited by plaintiffs would not be hearsay if they were offered for the purpose of proving something other than the truth of the matters stated therein, such as whether appellees had notice").

To the extent that Village Defendants may argue that PL-19 does not on its face show receipt by Village Defendants, same was identified and produced by Village Defendants in response to a demand for civilian complaints made against Defendant Guevrekian. Further, Defendant Johnson admitted that he was in fact the anonymous caller. See Deposition of Paul Johnson pp. 37-38. The statements then are also admissible under Federal Rule of Evidence 801(d)(2)(A), and the rule excludes from the definition of hearsay statements offered against an opposing party when that statement was made by the party in an individual or representative capacity. Fed. R. Evid. 801(d)(2)(A). In addition, in response to Interrogatory #10 propounded by Plaintiff McGuire which inquire "set forth all civilian complaints made against Defendant Guevrekian arising out of allegations of . . . sexual abuse, sexual assault, and/or sexual battery . . .", Defendant Village referred Plaintiff to document bates number HPD-000023. Moreover, Defendant Villages' witness, Kevin Colgan, testified today that this very record along with a "General Order" and a "Counseling letter" [HPD-00021; Ex. 21] were contained within Defendant Guevrekian's "disciplinary file" and the "digital copy" of the disciplinary and personnel file. It should be noted that neither the "disciplinary file" nor the "digital copy" were turned over during discovery. The "General Order" which described the discipline issued to Defendant Guevrekian in connection with Ex. 21 was similarly not turned over.

For the same reasons, Plaintiffs should be allowed to question Defendant Johnson about what he was told by "Victoria" for the purposes of the effect it had on him. This evidence is therefore admissible.

II. PL-21 IS ADMISSIBLE

As argued above, this exhibit does not constitute hearsay as it is not being offered to prove the truth of the matters asserted therein. Rather, Plaintiff seeks to admit or refer to the letter for the fact that it was sent and received and for the effect they had on the recipients *i.e.* Village

Defendants. *See Datskow v. Teledyne Continental Motors Aircraft Prods.,* 826 F.Supp. 677, 684-85 (W.D.N.Y.1993) (admitting letters "for the limited purpose of showing notice [and] knowledge on behalf of [the defendant]" and explaining that the letters were not hearsay because they were not offered to show the truth of their contents). The letter is relevant to the issue of whether or not Village Defendants had notice of Defendant Guevrekian's alleged misconduct. This exhibit is therefore admissible.

    III.    PL-23 IS ADMISSIBLE

Police reports may be offered under the business records hearsay exception in Federal Rule of Evidence 803(6). *See United States v. Snyder,* 787 F.2d 1429, 1434 (10th Cir.1986) (noting admissibility under Rule 803(6) of "entries in a police or investigating officer's report which result from the officer's own observations and knowledge," if offered by the defendant). "Rule 803(6) 'favors the admission of evidence rather than its exclusion if it has any probative value at all.'" *United States v. Williams,* 205 F.3d 23, 34 (2d Cir.2000) (quoting *In re Ollag Constr. Equip. Corp.,* 665 F.2d 43, 46 (2d Cir.1981) (internal quotation marks omitted)).

Further, the challenged reports could also be admissible under the public records and reports hearsay exception as they are records from the a government entity, *i.e.* the Nassau County District Attorney's Office. Fed.R.Evid. 803(8). Village Defendants' argument that the statements could be cumulative evidence is also without merit as the testimony has not been taken. There is a possibility at trial that the declarants in the reports, which Plaintiffs listed on their witness list, do not have memory of the events described, making the records admissible under the hearsay exception for recorded recollections provided in Federal Rule of Evidence 803(5). It is simply premature to rule on the admissibility of this exhibit.

    IV.    PL-28 IS MORE PROBATIVE THAN PREJUDICIAL

As explained above notice of an employee's propensity to engage in injurious conduct is highly relevant to a claim for negligent supervision or retention. *See Brannon v. Tarlov,* 986 F.Supp. 146, 150 (E.D.N.Y.1997) ("An essential element of a negligent retention claim is that the employer knew or should have known of the employee's propensity for the conduct that caused the injury"). Records of prior complaints from Defendant Guevrekian's prior employment are therefore highly relevant to Plaintiffs' cause of action. Plaintiffs should be allowed to use the exhibit to question Village Defendants at trial to see if they were aware of the prior CCRB complaints and what if any measures they did to investigate them. The authority cited by Village Defendants that appear to be "on point" are from criminal matters wherein the defendant attempted to introduce CCRB records against the involved officers, which do not deal with claims of negligent hiring/training/supervision, a key distinction from the instant matter. Therefore, this exhibit should be allowed.

For the reasons stated herein, the Village Defendants' motion should be denied in its entirety.

Thanking the Court for its time and consideration, I remain

    Respectfully,
    **HORN WRIGHT, LLP**
By:   */s/ Pablo A. Fernandez*
    Pablo A. Fernandez

cc:    All Parties (via ECF Only)