# LA PINTA, LESKO & MISKIEWICZ P.C.
## - ATTORNEYS AT LAW -

| | |
|---|---|
| 200 VANDERBILT MOTOR PARKWAY<br>SUITE C-17<br>HAUPPAUGE, NEW YORK 11788 | 300 OLD COUNTRY ROAD<br>SUITE 341<br>MINEOLA, NEW YORK 11501<br>(Correspondence to Hauppauge Office) |

ANTHONY M. LA PINTA
MARK J. LESKO
JAMES MISKIEWICZ

TEL: 631-231-1199
FAX: 631-300-4380

OF COUNSEL

PETER H. MAYER, III, PLLC.
Justice, NYS Supreme Court (Ret.)

MICHAEL E. FEHRINGER

MARK D. COHEN
Judge, NYS Court of Claims (Ret.)

CHRISTOPHER J. PURCELL, P.C.

**BY ECF**

October 7, 2025

The Honorable James M. Wicks
United States District Court, EDNY
Alphonse M. D'Amato Federal Building
100 Federal Plaza
Central Islip, New York 11722

    Re:    **Carol McGuire v. Village of Hempstead, et al.**
             Case No.: 20-CV-02117 (JMW)

    Re:    **Regina Pruitte v. Village of Hempstead, et al.**
             Case No.: 22-CV-03671 (JMW)

Dear Magistrate Judge Wicks:

    I represent Defendant Jack Guevrekian ("Guevrekian") in the above matters. Kindly accept this reply in further support of Guevrekian's motion *in limine* (ECF No. 108 [McGuire]; ECF No. 66 [Pruitte]).

### Plaintiffs' Exhibits 19, 21, 23 and 28 Should be Excluded

    Guevrekian expressly incorporates and asserts by reference each and every argument advanced by co-defendants, Village of Hempstead, Village of Hempstead Police Department, and Village of Hempstead Police Department Chief Paul Johnson ("Village Defendants"), in their reply in further support of their motion in limine (ECF No. 121 [McGuire]; ECF No. 79 [Pruitte]).

    For the reasons set forth in the Village Defendants' reply, Plaintiffs' Exhibits 19, 21 and 23 should be excluded from evidence at the trial in these actions as they are inadmissible hearsay. Plaintiffs' Exhibit 28 should also be excluded because its prejudicial value greatly outweighs its probative value.

### Plaintiffs Should be Precluded From Calling the Challenged Witnesses

Guevrekian expressly incorporates and asserts by reference each and every argument advanced in his response to the Village Defendants' motion to compel (ECF No. 105 [McGuire]; ECF No. 63 [Pruitte]) and response to Plaintiffs' request to call certain law enforcement witnesses at trial (ECF No. 119 [McGuire]; ECF No. 77 [Pruitte]).

Plaintiffs should not be permitted to call Robert A. McHugh, Edward Maley[1], Daniel J. Schmidt, Samantha Alessi, Crissana Loraine Goldfarb, Michael Nolan or Victoria Birnbaum as witnesses at trial for the very same reasons that Plaintiffs argued against permitting the Village Defendants from calling Former Assistant Chief Kevin Colgan as a witness at trial. *See* ECF No. 103 [McGuire]; ECF No. 61 [Pruitte]). That is, the witnesses were not identified in Plaintiffs' Initial Rule 26 disclosures and Plaintiffs have not supplemented their disclosures. Plaintiffs should not be permitted to maintain contradictory positions when it suits their argument.

Plaintiffs state that Defendants are seeking to introduce records authored by the Nassau DA Witnesses (i.e. Defendants' Exhibits A, B, C and D) instead of actually calling the witnesses. This argument is moot as Guevrekian withdrew Exhibits A, B and C in his motion *in limine*. Exhibit D is a surveillance video and not a writing as set for in Plaintiffs' opposition papers.

### Plaintiffs Should Not be Permitted to Submit Evidence That Includes Defendant Guevrekian's Alleged Prior Acts

The Second Circuit has held that unsubstantiated complaints are not sufficiently probative to outweigh the potential for unfair prejudice under Rule 403. *See Hardy v. Town of Greenwich*, 629 F.Supp.2d 192, 197 (D. Conn. 2009) (citing *Berkovich v. Hicks*, 922 F.2d 1018, 1023 (2d Cir. 1991)). Here, the CCRB report in question was not substantiated. The report indicates the disposition as "Subject Resigned" and does not include any detail as to the nature of the complaint. *See* **Exhibit D** of Guevrekian's motion *in limine*.

Plaintiffs should not be permitted to offer any evidence of unrelated prior complaints, especially if the complaints were not substantiated. To do so would severely prejudice Guevrekian in this case.

Plaintiffs have failed to submit a sufficient evidentiary basis for admission of this evidence. Therefore, Plaintiffs should be precluded from introducing and/or referencing any prior or subsequent allegations of misconduct.

### Plaintiffs Should be Precluded From Referencing Other Alleged Victims

Plaintiffs should be precluded from referencing the matters of *Jenillee Tooher v. Village of Hempstead, et al.*, 21-cv-04268 (NJC)(JMW), *Kristen Wilkie v. Village of Hempstead, et al.*,

---

[1] Although Plaintiffs reference Edward Maley in their opposition to Guevrekian's motion *in limine*, not only was Maley not identified in Plaintiffs' Rule 26(a) Initial Disclosures, he was also not identified as a witness by Plaintiffs in the JPTO.

22-cv-00920 (NJC)(JMW), or *Jayne Fisher v. Village of Hempstead, et al.,* 22-cv-03805 (NJC)(JMW) at trial or introducing into evidence any documents in connection with those actions. *Wilkie* and *Fisher* were dismissed because the plaintiffs in those actions failed to prosecute, which calls into question the veracity of their allegations. *Tooher* was dismissed due to the death of the plaintiff.

Plaintiffs cite Rule 415 of the Federal Rules of Evidence to support their position. Notwithstanding Rule 415, a court must still perform a Rule 403 balancing test and evaluate whether the probative value of the evidence outweighs the danger of unfair prejudice and confusion and considerations of undue delay. *See Morris v. Eversley,* 2004 WL 856301, at *2 (S.D.N.Y. April 20, 2004). In addition, the hearsay rule (Rule 802 of the Federal Rules of Evidence) also applies. *Id. See* Fed.R.Evid. 413(c) ("This rule shall not be construed to limit the admission or consideration of evidence under any other rule.").

Evidence that Guevrekian may have committed offenses of sexual assault in the past may be relevant, but Plaintiffs have not proffered admissible evidence that Guevrekian committed such offenses in the past. The proposed evidence is being offered to prove the truth of the assertions therein, that Guevrekian engaged in the alleged sexual conduct, and is clearly hearsay. *Wilkie* and *Fisher* have not been identified by Plaintiffs as witnesses at trial and will not be available for cross-examination. Moreover, any testimony of Plaintiffs, to the extent it is offered to prove that Guevrekian actually engaged in prior acts of sexual assault, is hearsay, for they have no personal knowledge as to whether these alleged assaults occurred and they could only testify as to what someone else told them.

Plaintiffs should not be permitted to reference the aforementioned lawsuits at the time of trial and be precluded from introducing into evidence any documents in connection with those previous lawsuits because its probative value, if any, is substantially outweighed by its prejudicial effect.

For the reasons set forth herein, it is respectfully submitted that the Court grant Guevrekian's motion *in limine*, exclude the exhibits and witnesses identified therein, and grant such other and further relief as the Court deems just and proper.

Very truly yours,

*[signature]*
**ANTHONY M. LA PINTA**

AML/mef

cc:   All Parties (By ECF)